**Allan J. HAMILTON, M.D., Plaintiff–Appellant,**

v.

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, Defendant–Appellee.**

**No. 09–16009.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 15, 2010.

Filed May 11, 2010.

Barry Kirschner, Waterfall Economidis Caldwell Hanshaw & Villamana, PC, Tucson, AZ, for Plaintiff–Appellant.

Barry A. Chasnoff, Esquire, Thomas E. Sanders, Dennis Windscheffel, Akin Gump Strauss Hauer & Feld, LLP, San Antonio, TX, Brenden J. Griffin, Lewis and Roca LLP, Tibor Nagy, Jr., Erica K. Rocush, Ogletree Deakins Nash Smoak & Stewart, PC, Tucson, AZ, Brian D. Black, Ogletree, Deakins, Nash, Smoak & Stewart, Greenville, SC, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, ARCHER \* and CALLAHAN, Circuit Judges.

**MEMORANDUM** \*\*

Even if we were to review the Plan Administrator's interpretation of "Total Disability" and "Totally Disabled" *de novo,* plaintiff would not be entitled to this kind

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of benefit. The Plan's language is unambiguous, and plaintiff does not satisfy its requirement that he be "earning less than 20% of [his] Pre-disability Earnings." **[ER 260–61]** Because the definition of these terms is also conspicuous and unambiguous, plaintiff cannot claim that any expectations he had to the contrary were reasonable. *See Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404, 411–12 (9th Cir.1995).

In light of these considerations, we have no need to reach plaintiff's other assertions of error, which are unavailing in any event. The district court's rulings on discovery and the administrative record were not abuses of discretion.

**AFFIRMED.**